UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


LONNER MELTON,

      Petitioner,                          Case No. 11-15210

v.                                      HON. AVERN COHN

CARMEN PALMER,

      Respondent.

_____/


**MEMORANDUM AND ORDER**
**DISMISSING THE PETITION WITHOUT PREJUDICE (Doc. 1)**
**AND**
**DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL (Doc. 17)**
**AND**
**DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

### I. Introduction

This is a habeas case under 28 U.S.C. § 2254.  Petitioner Lonner Melton (Petitioner) is a state inmate who is currently confined at the Michigan Reformatory in Ionia, Michigan.  Petitioner filed a *pro se* petition for a writ of habeas corpus, claiming that the Michigan Department of Corrections (MDOC) is holding him beyond the expiration date of his sentence by denying or forfeiting some of his good time or disciplinary credits.  As will be explained, Petitioner has not properly exhausted his state court remedies.  Therefore, the petition will be dismissed without prejudice.

### II.  Background

In 1983, Petitioner was convicted of assault with intent to commit murder, two counts of first-degree criminal sexual conduct, armed robbery, and felony-firearm.

Petitioner was sentenced to fifty to seventy five years in prison for the assault with intent to murder conviction, twenty five to forty years in prison for the criminal sexual conduct convictions, seven years, six months to fifteen years in prison for the armed robbery conviction, and a two year consecutive sentence for felony-firearm. Petitioner is currently serving sentences only for the assault with intent to commit murder and the felony-firearm convictions; the sentences on the other offenses having expired.

In March 2009, petitioner filed a state petition for writ of habeas corpus with the Jackson County Circuit Court, in which he raised the following claims:

I. Good time max accrual for Melton, Lonner #172961.

II. Petitioner avers that any procedure which allows forfeiture of accrued credits without formal hearing fails to comport with the demands of due process and is unconstitutional, contrary to *Wolf v. McDonnell*, 418 U.S. 537, 558 (1974).

III. The Department of Corrections is required to promulgate rules establishing forfeiture proceedings of prisoners' accrued good-time and/or disciplinary credits.

The Jackson County Circuit Court denied the petition. *Melton v. Scutt,* No. 09-1007-AH (Jackson County Cir. Ct., Jan. 27, 2010).

Petitioner filed with the Michigan Court of Appeals a complaint for habeas corpus, in which he appealed the denial of the state petition for writ of habeas corpus by the Jackson County Circuit Court. The court of appeals denied the petition. *Melton v. Department of Corrections*, No. 297601 (Mich. Ct. App. Sept. 22, 2010).

Petitioner then attempted to file an application for leave to appeal with the Michigan Supreme Court. Petitioner also filed a motion to waive fees. On October 19, 2010, the Michigan Supreme Court denied petitioner's request to waive fees, because

2

M.C.L. § 600.2963 requires a prisoner to pay a filing fee in civil actions.  The Michigan Supreme Court ordered plaintiff to pay the Clerk of the Court a partial filing fee of $ 3.00 and refile his pleadings within 21 days of the order.  The Michigan Supreme Court further warned plaintiff that failure to comply with the order would result in his appeal not being filed with that court.  *Melton v. Department of Corrections,* 789 N.W.2d 174 (2010); *reconsideration den.* 791 N.W.2d 124 (2010).  On January 6, 2011, the Michigan Supreme Court directed the Clerk of the Court to close petitioner's file because he had failed to pay the partial filing fee as per their previous order. *Melton v. Department of Corrections*, 791 N.W.2d 724 (2011).

Petitioner now seeks a writ of habeas corpus from this Court on the following grounds:

> I. Petitioner argues and claims that under the immediate usage method, his right to invoke and use these same twelve years of good time subtracted by the MDOC to discharge him from those two CSC forty years maximum sentences to be used to discharge him from this alleged ten years as claimed by respondents yet to be served for the assault with intent to murder charge, because these are all concurrently ran sentences and not consecutively. Thereby entitling him to release from incarceration.

> II. Petitioner avers that any procedure which allows forfeiture of accrued credits without formal hearing fails to comport with the demands of due process and is unconstitutional.

> III. The Department of Corrections is required to promulgate rules establishing forfeiture proceedings of prisoners' accrued good-time and/or disciplinary credits.

Respondent has filed an answer, contending in part that the petition should be dismissed because petitioner has failed to properly exhaust his claims with the state courts.

3

### III. Analysis

### A. Exhaustion

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his or her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). *See Picard v. Connor*, 404 U. S. 270, 275-78 (1971). Dismissal of a petition which contains claims that a petitioner has a right to raise in the state courts but has failed to do so is appropriate. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). A prisoner confined under a Michigan conviction must raise each habeas issue in both the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. *See Matson v. Michigan Parole Bd.*, 175 F. Supp. 2d 925, 928 (E.D. Mich. 2001). A habeas petitioner has the burden of proving that he or she has exhausted his or her state court remedies. *Sitto v. Bock,* 207 F. Supp. 2d 668, 675 (E.D. Mich. 2002).

A claim is not exhausted unless the habeas petitioner provides the highest state court with a fair opportunity to pass upon the claim, which in turn requires that the applicant "present his claims before the state courts in a procedurally proper manner according to the rules of the state courts." *Mercadel v. Cain,* 179 F. 3d 271, 275 (5th Cir. 1999)(internal quotation omitted). A habeas petitioner cannot circumvent the exhaustion requirement by failing to comply with state procedural rules. *Coleman v. Mitchell,* 244 F. 3d 533, 538 (6th Cir. 2001).

Here, Petitioner's application for leave to appeal was never filed with the Michigan Supreme Court because he did not comply with the Michigan Supreme Court's order to submit a partial filing fee of $ 3.00. Because petitioner failed to submit

4

his partial filing fee, his application for leave to appeal was never accepted for filing by the Michigan Supreme Court and thus, petitioner failed to exhaust his claims with that court. *See Miles v. Lafler*, No. 2006 WL 1109237, * 2 (E.D. Mich. April 26, 2006).

The question now is whether Petitioner has an available state court remedy with which to properly exhaust his claims.  A federal court cannot consider granting  habeas relief "if there still is a potential state remedy for the state courts to consider." *See Wagner v. Smith,* 581 F. 3d 410, 415 (6th Cir. 2009).  Petitioner has such a remedy.  A number of Michigan cases have held that a writ of mandamus is an available remedy for a Michigan prisoner who challenges the computation of his sentence or claims that his sentence has expired due to the miscalculation of sentencing or good-time credits. *See In re Carey*, 372 Mich. 378, 381-82 (1964); *Lickfeldt v. Department of Corrections,* 247 Mich. App. 299 (2001)(affirming issuance of writ of mandamus by circuit court ordering the MDOC to immediately terminate prison sentence that inmate had completed); *Rhode v. Department of Corrections,* 227 Mich. App. 174, 578 N.W.2d 320 (1997)(mandamus proceeding concerning proper calculation of disciplinary credits); *Lowe v. Dep't of Corr.*, 206 Mich. App. 128, 521 N.W.2d 336 (1994)(same); *See also Ruiz v. McKee,* No. 2010 WL 103682, * 1-3 (W.D. Mich. Jan. 7, 2010)(dismissing without prejudice on exhaustion grounds habeas petitioner's challenge to the computation of his sentence, specifically his maximum discharge date, when petitioner could challenge the computation of his sentence by means of mandamus); *Hughes v. Bauman*, No. 2011 WL 6781019, * 2 (E.D. Mich. Dec. 27, 2011)(noting that petitioner had option of filing writ of mandamus to challenge the forfeiture of earned sentence-reduction credits).

5

Petitioner, therefore, may challenge the MDOC's calculation of his sentence and the forfeiture of his good time credits by filing a petition for a writ of mandamus in either the circuit court or in the Michigan Court of Appeals. *See* M.C.R. 3.305(A)(1); M.C.L. § 600.4401. Following the denial of the writ of mandamus by the Michigan Court of Appeals, petitioner may file an application for leave to appeal with the Michigan Supreme Court within fifty six days of the Michigan Court of Appeals' decision. *See* M.C.R. 7.301 (A)(2); M.C.R. 7.302.

Petitioner has failed to exhaust his state court remedies and still has an available state court remedy with which to do so. Further, because all of Petitioner's claims are unexhausted, dismissal of the entire petition is appropriate.

## B.  Appointment of Counsel

Petitioner has also moved for the appointment of counsel. There is no constitutional right to counsel in habeas proceedings. *Cobas v. Burgess,* 306 F. 3d 441, 444 (6th Cir. 2002). In light of the fact that petitioner has failed to exhaust his state court remedies, he is not entitled to the appointment of counsel to assist him with his habeas petition. *See e.g. Dupree v. Jones*, 281 Fed.Appx. 559, 561 (7th Cir. 2008).

## C.  Certificate of Appealability

In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court denies a habeas

6

petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.* "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

Here, the Court declines to issue a certificate of appealability, because "jurists of reason" would not find it debatable whether this Court was correct in its procedural ruling that petitioner had failed to exhaust an available state court remedy with respect to his claims.

### IV. Conclusion

Accordingly, the petition is DISMISSED WITHOUT PREJUDICE. Petitioner's motion for the appointment of counsel is DENIED. The Court DECLINES to issue a certificate of appealability

SO ORDERED.

Dated: June 20, 2012              S/Avern Cohn                          
                                  AVERN COHN
                                  UNITED STATES DISTRICT JUDGE

7

11-15210 Melton vs Palmer
Memorandum and Order Dismissing the Petition

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, June 20, 2012, by electronic and/or ordinary mail.

S/Tanya Bankston on behalf of s/Julie Owens
Case Manager, (313) 234-5160